IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 10-cv-00001-WDM-CBS

DAVID GERAS,

    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

## ORDER ON PETITION FOR ATTORNEYS' FEES

Miller, J.

    This matter is before me on the Defendant's Petition for Attorneys' Fees (ECF No. 36). On July 21, 2010, I granted the Partial Motion to Dismiss Plaintiff's Wage Claim Act and Contract Claims Based on Commission and Separation Pay Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8) filed by Defendant International Business Machines Corporation ("IBM"). ECF No. 30. As part of my order, I granted IBM an award of attorneys' fees incurred in connection with its motion to the extent it concerned Plaintiff's claims for separation pay. Plaintiff had asserted claims for separation pay under both a contract theory and pursuant to the Colorado Wage Claim Act, C.R.S. § 8-4-101 *et seq*. I determined that his claims failed because he failed to fulfill a required condition for receipt of separation pay and because separation pay is not covered by the Wage Claim Act. I also determined that IBM was entitled to its fees under the Wage Claim Act.

    IBM has submitted an affidavit describing the qualifications of the attorneys and the work performed, contemporaneous time records relating to the motion to dismiss and reply

brief, and an affidavit from an independent attorney attesting to the reasonableness of the rates and fees sought. IBM seeks $3,554.10, which represents one-fourth of the time incurred on briefing the motion. I conclude that IBM has carried its burden to demonstrate the reasonableness of the fees sought and has made a good faith attempt to estimate how much to attribute to the claims for which fees are appropriate.

In response, Plaintiff contends, for the first time, that the Wage Claim Act does not apply and that I have no authority to award fees. Although the issue of fees was raised in the briefing on the motion to dismiss, Plaintiff never raised this argument. I have already granted the award of fees; all that remains at this point is to determine the amount. Moreover, I disagree with Plaintiff's arguments. Plaintiff clearly sought severance pay (as well as commissions) under the Wage Claim Act and so he must bear the consequences of his choice to do so. Moreover, the cases he cites for the proposition that the Wage Claim Act does not apply to him, including *Mahan v. Capitol Hill Internal Medicine P.C.*, 151 P.3d 685, 691 (Colo. App. 2006), are inapposite. In those cases, the issue concerned whether an independent contractor could be considered a "prevailing party" for the purposes of attorneys' fees under the Wage Claim Act when the Act applies only to employees, not independent contractors. As noted by IBM, the Wage Claim Act now specifically provides that the attorneys' fees provisions do not apply to a claimant who is found to be an independent contractor rather than an employee. C.R.S. § 8-4-110(1.5). There is no independent contractor issue here. Defendant cites no legal authority to show that where the Act otherwise applies, an employee's pursuit of a patently unfounded claim should be exempt from penalty when the employer nonetheless must litigate the issue.

Accordingly, it is ordered:

1.  IBM's Petition for Attorneys' Fees (ECF No. 36) is granted.  IBM is awarded $3,554.10 in attorneys' fees.

DATED at Denver, Colorado, on March 31, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge